NON VERBAL HYPNOSIS Instant conscious Boom  C that response May 6th the court, I'm Heather Cessna with APS the Galactic Kiss here on behalf of the veteran, Mr. Michael Jamby, and I would like 3 minutes for your vote. First of all, what we're here on this morning is an interpretation of 7104 D1, which is the provision in the Veterans Benefits Law that provides that the Board of Veterans' Appeals must give its reasons and basis for its conclusions of benefit law. Let me first address the Secretary's contention that we don't have jurisdiction to be here. Essentially, the Secretary is pretty content that we are raising an issue of fact or an issue of law that is specific to an issue of fact in this case. And that's not true. Quite honestly, as far as this court's opinion is concerned, the underlying facts of Mr. Jamby's case actually don't really matter here. Because the problem would be the same regardless of what the underlying facts are. And that is essentially that when the Board of Veterans' Appeals hands down the decision that basically says there's no evidence in the record to support this contention denied, that that's not sufficient under 7104 D1. And as far as the CABC's opinion that that does satisfy 7104 D1, that contention is erroneous and we'd like you to correct that. Moving on, let me go ahead and address kind of I think one of the overarching problems with this case. I think our briefs set out what the law is, and so I kind of would like to talk about what I think some of the problems might be with this issue. And that is that the Veterans Benefits System is a very different animal as far as the law is concerned. It's a proclaimant system, and because it is a proclaimant system, it's very unique in the sense that the VA has certain duties that it has to assist the veteran with, such as it's due to assist under 5103A in getting a medical opinion or assisting the veteran in obtaining the evidence, as well as the benefit of the doubt provision that requires the VA to give the benefit of the doubt to the veteran if the evidence is in equivalence. And because of that, this provision under 7104 D1 requires the VA to give reasons and basis. It's vitally important because without those reasons and basis, without very specific reasons and basis, the ability of an appellate court to review the VA's determination whether or not the VA has complied with its duty to assist or whether it's appropriately applying the benefit of the doubt provision is inhibited. Basically, it prevents judicial review of those issues. And there's a contention in the Secretary's brief, essentially, I think, at one point where they talk about, well, is the VBA required to talk about evidence that essentially doesn't exist? And, for example, when the VBA says there's no such evidence to support this veteran's claim, whether you're talking about a current diagnosis or perhaps evidence in the service medical records. And I think the point that we need to make here on appeal and that would help clarify this issue is that there's always evidence in the record to discuss. There may not be evidence that is supportive of the veteran's claim, but there is evidence to discuss. And the VBA has a duty to discuss that evidence and why that doesn't support the veteran's claim. For example, if- Ms. Cessna, I'm looking again at the decision of the Court of Veterans' Appeals. Correct. They say the Board has supported its decision with thorough reasons and basis. Contrary to Mr. Janicki's arguments, the Board considered all of its service medical records as well as records pertaining to its hospitalization. The Board considered all relevant medical evidence and provided an adequate statement of reasons and basis for its decision. Well, and that's why I would have you look at the VBA's actual decision in this case, which is on page 19 of the joint appendix, where essentially at the top of that page, the first new paragraph, the VBA, when it's doing its review of the evidence, it's gone through at this point and mentioned some of the evidence that's in the record already. Basically, it's gone through and talked about evidence in the record that it believes is relevant. But when it goes through to discuss the reasons and basis for the material evidence in the claim, the reasons that it's denying the veteran's claim, all that the reasons and basis are given is essentially that the evidence of the record doesn't show that there's anything in service to support the veteran's claim. That's basically the problem here, is that the CABC's interpretation of 7104d.1 defines that sufficient reasons and basis. It's our contention that that's nothing more than a conclusory statement and that without reasons and basis for that material evidence, essentially why was the evidence that the VBA discussed from the service medical records or why was the evidence that was in the service medical records not to support the veteran's claim? Does it require discussion of all the evidence? No, it does not. It requires discussion of the material evidence. And maybe giving kind of an example to put this in context is a good place to start here. For example, if the problem on appeal is that the veteran doesn't have a current diagnosis and he's trying to claim service connection, obviously the relevant evidence in the claim would be anything that would support service connection. That would be evidence of a current diagnosis, evidence of inservice occurrence. That would be a nexus opinion. Now, if the VBA is denying because there's no evidence of a current diagnosis, then the material evidence that they really need to go into detail and discuss is going to be the evidence that applies to the lack of a diagnosis. And this is where this gets important. And that is if the VBA comes back and is allowed to essentially say, well, there's no evidence of a current diagnosis in the record and that's enough, then it begs the question, why is there no evidence in the record of a current diagnosis? Is that because there were three opinions in the record that said that that diagnosis didn't exist? Or is it that there's no... Now we're getting into the facts, which of course we're not competent to review. Right. Well, and this is the problem. I'm looking at page 19. They're saying that none of these conditions existed during service or for many years afterward. I mean, they're reviewing the record. They're looking at the facts. But they're not providing explanation for why the evidence... What do you want them to say? We want them to discuss specifically the evidence in the record and why that doesn't apply. Each piece. They're supposed to, okay, the doctor said this, we agree. The doctor said this, we agree. The doctor said this, we agree. Why can't they say that as they did here? No competent medical evidence of a nexus exists. And the reason for that, Your Honor, is because this is a proclaimed system. And they have a duty to assist the veteran in developing that claim. The problem here is that they don't go through and talk about it. And I think maybe the assumption is that they only have the obligation to discuss positive evidence. And I don't think that's necessarily true. I think when we're talking about material evidence, what we're talking about is evidence that tends to establish the fact that it is essential to the success of the veteran's claim.  They looked at this. They did raise his rating on a few points, didn't they? I'm sorry, sir? He got an increased rating, didn't he? On one of his claims. But we're not talking about specific facts of this particular veteran's claim here. What we're talking about is when it comes to reasons and basis. And they can provide reasons and basis that are sufficient on one claim and not provide reasons and basis that are sufficient on another. I mean, essentially, the problem is that they have to actually do it on all of the claims. And so not specific to this case, that becomes a problem because it impedes public review of whether or not they've complied with their duty to assist, whether or not they've complied with their benefit of the doubt requirements. And as I stated, part of the problem is that if they basically, if there's no evidence in the record to support the veteran's claim, that statement begs the question of why. Is it that there was no evidence to support the veteran's claim because it's all negative evidence? Or is it that they're lacking evidence? And if they're lacking evidence, then perhaps the VA hasn't complied with its duty to assist the veteran in getting that evidence. The problem here is that when they don't go through and talk about the material evidence, both negative and positive evidence, and why they gave away to it that they did or did not give away to it that they did, then you have no basis to essentially appeal that decision because you don't understand how they came to that conclusion. It sounds very counterintuitive. You agreed with me a minute ago that the statute doesn't require a discussion of all of the evidence. And now you're seeming to say that it does. It requires the material evidence, Your Honor. There's a lot of evidence in the case that is not necessarily going to be material to the issue at hand. For example, if the problem, as I said, if the problem is that the veteran doesn't have a current diagnosis, then the other evidence in the case that goes to service connection, while it's relevant, is not necessarily material and not necessarily something that we need to seek extensive reasons based on. You're going to ask us next to require a statement as to why something is considered material or not, right? So they have to look at every piece of evidence, tell us first whether it's material, and the effect of the weight they've given to that material. Isn't that what you're asking? And isn't that more than the statute requires? No, Your Honor. I don't think it's more than what the statute requires. I think when we're talking about material evidence, the way the statute's written and the way that your case laws come down in the past requires that the VBA, and they're like all day, requires that the VBA account for the relevant evidence. Now, that means going through and saying what evidence establishes service connection. If there's something that's lacking, isn't that the reason why it's not? Is the relevant evidence material? Your Honor, I believe there is some relevant evidence that would not be material depending on the facts of a specific case. The problem here that we're asking is that you find essentially that a blanket statement saying that there's no evidence in the record to support the veteran's claim is simply not enough under the facts of the case. Now, whether or not the facts of this case actually comply with either a harmless error analysis or whether or not that's actually complied, I think, is an issue for the CABC at a different time because the CABC has already assumed essentially that the statement in this case is good enough. And if this court comes back and says it's not, then the question of whether or not the facts of this case warrant some kind of reversal is a question for the CABC at a later date. Basically, all we need from this court is a statement saying that you have to have more than just a blanket statement in order to satisfy 7104D1. If you'll excuse me, I just have one more question. Sure. Is this ABS Legal Services a private law firm or is that a public service organization? It's a private law firm, Your Honor. And it's actually ABS Legal Advocates. We changed our name around the beginning of January, so hopefully the record reflects that. Thank you. Thank you. Next one. Good morning. May it please the Court. There's only two possible outcomes in this case, and one is to find that there is no jurisdiction to consider the argument in this case and that we've set forth the reasons why we believe that's the right outcome. And the alternative, even if the Court has jurisdiction, there's still no merits, no reason not to affirm the Veterans Court decision because on the merits, the Veterans Court properly construed the statute, and any challenge, again, is basically just a contention against the dispute with the application of the law of effects. Mr. Kessler, isn't it really the argument as to whether or not the VA complied with the statute all the way through, the board, and then the court of Veterans Appeals? Isn't they comply with 7401D1? Do they comply? Absolutely. And the only time the- Is that the issue that's been raised as to whether or not they comply? Is that a question of whether we have jurisdiction to take a look at the facts and lay the facts? Well, the court would not, yes. And that's the argument that the appellant wants to, well, usually the appellant is truly making. It seems to be calculating a different type of argument. And if, in fact, that is what the appellant is seeking, is to challenge the adequacy of the board's decision in light of 7104, then that's an application of law of effects. Where is the appellant in error in that particular point? I'm sorry? Where is the appellant? Where is the error that they're pausing? Why are they wrong? It's hard to understand the arguments entirely, but the reason that their argument in front of this court is wrong is because, first of all, Section 7104 doesn't require what the appellant says it requires. If you read the statute, it's very short, and it says explicitly that 7104d.1 requires each board decision to include, I quote, a written statement of the board's findings and conclusions and the reasons or basis for those findings and conclusions on all material issues of fact and law presented on the record. Now, nowhere does it say that the board is actually required to comment on each piece of evidence. In fact, it doesn't look at the word evidence. It says material issues. Material issues. Of course, that would mean that the board couldn't just issue a decision saying, trust us, we looked at everything, and there's no relief here. In this case, to the contrary, what the board did is it went through the evidence that was in the record. It lays out in detail what it considered all the evidence. It lays out each issue of the veteran's claim one by one about the caucus, about the malaria service connection, about the hypertension. It goes through each point one at a time. Those are material issues. And then it provides the reasons for why there's no basis in this record to provide relief. Among other things is that many of the elements that the veteran complained of were 30, 40 years beyond his service, and there was no nexus of any connection to his service or to any of his service-connected disabilities. And I think the board makes very clear on that. Basically, all the appellant is arguing about is something to the effect of, well, the record contains evidence of his blood pressure. There's no finding in the medical evidence that says that he had hypertension, ever. But in the arguments, the appellant wants to put forward evidence that, well, if you look at the blood pressure and you look at this extra record materially represented, a treatise or such, we think he has hypertension. And so they're asking the board and the VA to make a conclusion. Well, to the extent that that was proper, it was proper before the board or before the VA. It was definitely not proper for this court to consider at this stage. And so what we've got is the veteran's decision. Judge Rader quoted from it. It's very clear, if you look at the decision, that the veteran's court made clear that the issue it was addressing in that one single paragraph was, Mr. Jannetty argues that the board failed to provide an adequate explanation for why it rejected favorable medical evidence contained in the service medical records. Well, first of all, that's a judgment on behalf of the veteran during the appeal, that it was favorable medical evidence, because there, in fact, there was no discussion of favorable medical evidence. And you can tell by the briefs that the argument was that the VA should have taken notice of a blood pressure reading and made a conclusion. And also the veteran made the same assertion. And the board found that that was lay opinion and that it could not constitute a medical finding. It did not replace the board's requirement to make a medical finding. And then the veteran's court goes on to say, I won't read the whole thing, but that the board considered all of the relevant evidence, the board considered the material medical records, and that there was a full consideration by the BVA of that evidence. And therefore, there was no basis for providing further information. We contend that that's wholly within the requirements of Section 7104, and that therefore there's no basis for jurisdiction. In the appellant's briefs, they don't address our arguments concerning this court's decisions in Gonzales and Cook, but we think that those cases are instructive, if not on point, because in Cook, the court held that it was not error for a veteran's court to not discuss all of the evidence, and in fact found that there was no jurisdiction if the case only amounted to, as you referenced, that Judge Garza is a challenge to the adequacy of the BVA's findings. And in the Gonzales case, in a slightly different statute, this court found that it's not error to not comment upon all evidence when the requirement is for the BVA to review the record. I believe all the other issues are thoroughly addressed in our brief. Your Honors, and are there any questions? Thank you, Mr. Kessler. Yes? Thank you. Ms. Kessler, you have a little over three minutes. I believe that we've discussed most of the issues here this morning. If you'd like to ask further questions, I'll bring the rest of them up. Thank you very much, Ms. Kessler. The final case this morning is Bright Ideas v. Target Corporation.